UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATE OF AMERICA, ) | Criminal No. 06-CR-2222-L |
| ) | Civil No. 11-CV-1665-L |
| Plaintiff-Respondent, ) | |
| ) | **ORDER DENYING MOTION TO** |
| v. ) | **VACATE, SET ASIDE, OR** |
| ) | **CORRECT SENTENCE PURSUANT** |
| BRIAN KEITH TOMLINSON, ) | **TO 28 U.S.C. § 2255** |
| ) | |
| Defendant-Petitioner. ) | **[28 U.S.C. § 2255]** |
| ) | |

On July 27, 2011, Petitioner Brian Keith Tomlinson ("Petitioner"), proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On September 13, 2011, the Government filed a Response to Petitioner's motion. However, one day before, on September 12, 2011, Petitioner filed a Motion to Amend his § 2255 Petition, and set out his proposed amendments. On September 21, 2011, the Government filed a Response to the Amended Motion, and Petitioner has replied. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will deny Petitioner's motion.

**BACKGROUND**

Petitioner was charged by Indictment with five counts of Wire Fraud, one count of Obstruction of Justice, one count of Witness Tampering, and three counts of Income Tax

Evasion. On August 12, 2010, Petitioner pled guilty to one count of Wire Fraud and one count of Tax Evasion pursuant to a written plea agreement. Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal or to collaterally attack his conviction and sentence, unless the Court imposed a sentence in excess of the high end of the applicable guideline range. (Plea Agreement, Gov't Ex. 1, ¶ XI.) On November 8, 2010, Petitioner was sentenced by this Court to 78 months custody, and was ordered to pay $12,883,100.00 in restitution.

## ANALYSIS

As part of his plea agreement, Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence. A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations. For example, a waiver might be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997). Additionally, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Finally, a waiver may not "categorically foreclose" a defendant from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014. Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider his collateral challenge to his conviction and sentence. *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district

court lacked jurisdiction to hear the case).

The government contends that Petitioner knowingly and voluntarily waived his right to appeal and collateral attack.  The Court agrees and finds none of the potential limitations to the validity of the waiver are applicable in this case.

First, the sentence imposed was in accordance with the negotiated plea agreement and applicable sentencing guidelines.  Petitioner's sentences of 78 months was based on the Guidelines calculations that were jointly recommended by the parties.[1]  The Court also applied enhancements for abuse of a position of trust (plus 2) and obstruction of justice (plus 2), as recommended by the Government.  Petitioner's prior convictions placed him in a Criminal History Category III, resulting in a guideline range of 70-87 months.   In the plea agreement, the Government agreed to recommend a sentence within the applicable guideline range.  (Plea Agreement, Gov't Ex. 1, ¶ X.)  The Court sentenced Petitioner to according to the negotiated terms of the plea agreement.

Second, the record of the disposition proceedings indicates that Petitioner knowingly and voluntarily entered into the Plea Agreement and that the requirements of Rule 11 were adhered

---

[1] Under the plea agreement, the parties recommended the following calculations:

<u>Wire Fraud</u>
1. Base Offense Level [§ 2B1.1(a)(1)]                   +7
2. Loss of more than $400,000, but less than
   $1,000,000 [§ 2B1.1(b)(1)(H)]                        +14
   Resulting Offense Level =                             21

<u>Tax Evasion</u>
1. Base Offense Level [§ 2T1.1(a)(1); 2T4.1(F)]          16
   [More than $80,000 in tax loss]
2. Source of Income Exceeding $10,000
   from Criminal Activity [§ 2T1.1(b)(1)]               +2
   Resulting Offense Level =                             18

1. Greatest Of The Adjusted Offense Levels               21
2. Increase In Offense Level [§ 3D1.4(b)]               +2
3. Acceptance of Responsibility [§ 3E1.1]               -2

   Combined Offense Level =                              21

(Plea Agreement, Gov't Ex. 1, ¶ X.)

to. Petitioner was advised of the right to maintain his plea of not guilty, he was advised of the rights he was giving up by pleading guilty, and he was specifically advised that he was waiving his right to appeal and collateral attack. *(See* Transcript of Proceedings, 8/12/10, Gov't Ex. 2, at 19-24.) The record further reflects that Petitioner was advised of the nature of the charge to which he was pleading guilty, the maximum possible penalty, and the Court's obligations with regard to the Sentencing Guidelines. (*Id.*) During the proceedings, Petitioner clearly acknowledged his understanding of the terms of the Plea Agreement and the voluntary nature of his decision to enter into the Plea Agreement. (*Id.*) The Court asked Petitioner if he had any questions about the Plea Agreement, and Petitioner replied in the negative. (*Id.*) Petitioner also affirmed that he was satisfied with the services of his counsel, and that he was pleading guilty of his own free will and that he was, in fact, guilty as charged. (*Id.* at 24.)

Finally, the Court finds that Petitioner's claim of ineffective assistance of counsel does not invalidate his waiver in this case. "A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea." *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The limitation against waivers is applicable to claims "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2nd Cir. 1991) (appellant's displeasure with

strategy employed by trial counsel insufficient to establish ineffectiveness).

Petitioner appears to argue that his attorney's performance was deficient because he failed to investigate exculpatory evidence, negotiate a favorable plea agreement, and failed to raise certain arguments at the sentencing hearing. Petitioner also claims that his counsel "failed to adequately counsel [Petitioner] regarding plea of guilt and nolo contendere." (Petitioner's Amended Motion, at 5.) However, Petitioner does not provide any factual basis to support his claim that his attorney inadequately advised him to enter into the Plea Agreement. Indeed, the record of the change of plea hearing clearly indicates the contrary. Petitioner stated, under oath, that he discussed the Plea Agreement, paragraph by paragraph with his attorney, that he understood the Plea Agreement, and that he did not have any questions about the terms of the Agreement. (Transcript of Proceedings, 8/12/10, Gov't Ex. 2, at 22.) Petitioner also affirmed that he was satisfied with the services of this counsel. (*Id.* at 24; *See also* Transcript of Proceedings, 9/8/10, Gov't Ex. 3, at 47 ("I want to thank Mr. Gary for a great job.")) *See e.g. United States v. Standiford*, 148 F.3d 864, 869-70 (7th Cir. 1998) (rejecting defendant's claim that his guilty plea resulted from ineffective assistance of counsel where the claim was inconsistent with the defendant's representations under oath during the Rule 11 colloquy); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Moreover, the record refutes Petitioner's claim of ineffective assistance. Defense counsel negotiated a favorable resolution, which included a plea to 2 of 10 charges in the Indictment, which significantly reduced Petitioner's Guideline range. Defense counsel also filed several objections to the Pre-Sentence Report and a lengthy Sentencing Memorandum that vigorously argued for a below-guidelines sentence. His counsel also submitted numerous letters to the Court in support of his request for downward departures. And Petitioner's counsel raised these same arguments at the sentencing hearing. (Transcript of Proceedings, 9/8/10, Gov't Ex. 3, at 38-45; 54-55.) Accordingly, the Court finds no merit in Petitioner's contention that his counsel's performance was inadequate or that his counsel erroneously advised him to plead

guilty pursuant to the Plea Agreement.

The Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case. Accordingly, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## EVIDENTIARY HEARING

The court is not required to hold an evidentiary hearing when ruling on § 2255 motions. 28 U.S.C. § 2255; *Shah v. United States*, 878 F.2d 1156, 1159-60 (9th Cir. 1989). Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Racich*, 35 F.Supp. 2d 1206, 1221 (S.D. Cal. 1990). The Court finds an evidentiary hearing is not required in this matter because the records conclusively demonstrate Petitioner is not entitled to relief.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: March 26, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

Brian Keith Tomlinson
Reg. No. 04796298-ENG
LOMPOC
Inmate Mail/Parcels
3600 Guard Road
Lompoc, CA 93436

U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101