# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH TOMLINSON,<br><br>                              Petitioner,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | CASE NOS. 06-cr-2222-L<br>                  11-cv-1665-L<br><br>ORDER DENYING CERTIFICATE<br>OF APPEALABILITY |

      This Court sentenced Petitioner Tomlinson to 78 months confinement following his plea of guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, and one count of tax evasion in violation of 26 U.S.C. § 7201. As part of his plea agreement, Petitioner waived his rights to appeal or collaterally attack his sentence. [Doc. 97, at 14-15.] Despite this waiver, Petitioner filed motions to vacate his sentence pursuant to 28 U.S.C. § 2255 on July 27, 2011 and again on May 7, 2012. [Docs. 119 & 136.] The Court denied his first motion on March 26, 2012, and denied his subsequent motion for a certificate of appealability pursuant to 28 U.S.C. § 2253 on May 24, 2012. [Docs. 129 & 139.] The Court denied his second § 2255 motion on May 25, 2012, his amended motion on August 30, 2012, and his motion to reconsider on August 30, 2012. [Docs. 140 & 147.] Petitioner again seeks a certificate of appealability. [Doc. 149.]

      A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To meet this standard, Petitioner must show that "jurists of reason could disagree with the district court's resolution of his constitutional

1 claims or that jurists could conclude the issues presented are adequate to deserve encouragement to
2 proceed further." *Miller v. Cockrell*, 537 U.S. 322, 327 (2003); *accord Banks v. Dretke*, ___ U.S. ___,
3 124 S.Ct. 1256, 1280 (2004).  Petitioner does not have to show "that he should prevail on the merits.
4 He has already failed in that endeavor." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)
5 (internal quotation omitted).

6       On August 30, 2012, this Court denied Petitioner's Amended Motion to Vacate, Set Aside, or
7 Correct Sentence pursuant to 28 U.S.C. § 2255 as a successive motion.  Petitioner has presented no
8 argument as to why his motion was not successive.  Indeed, he again presents the very same arguments
9 he used in his previous filings which are directed at the constitutionality of his conviction.  Petitioner
10 argues that he has made a substantial showing "that his constitutional right to habeas corpus review
11 has been denied since it is 'debatable among jurists of reason:' (1) whether [his] prior convictions are
12 aggravating factors that must be . . . proven beyond a reasonable doubt; and (2) whether *Apprendi v.*
13 *New Jersey*, 530 U.S. 466 (2000), should be applied retroactively." [Doc. 148, at 6.]  Neither of these
14 arguments has merit. Petitioner was sentenced within the applicable guideline ranges and in
15 accordance with his Plea Agreement.  *Apprendi* is inapplicable because Petitioner was sentenced
16 within the statutory maximum.  Petitioner also suggests that his case offers the Court an opportunity
17 to reconcile itself with "conflicting cases in other circuits."  However, because this Court is bound to
18 follow Ninth Circuit law, this argument is also meritless.

19       This Court is not persuaded that reasonable jurists could disagree with the resolution of
20 Petitioner's claims.   Because Petitioner has not made a substantial showing of a denial of a
21 Constitutional right, his request for a certificate of appealability is **DENIED**.

22       **IT IS SO ORDERED.**

23 DATED:  October 10, 2012

24                             M. James Lorenz
25                             United States District Court Judge

26
27
28